**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Charles Richard WILLIAMS,
Defendant—Appellant.**

No. 01–50270.

D.C. No. CR–00–03206–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided March 27, 2002.

Before REINHARDT and TALLMAN,

Circuit Judges, and DAMRELL,* District Judge.

### MEMORANDUM **

Charles Williams appeals his convictions for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960 and possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He alleges that the district court violated his Fifth Amendment privilege against self-incrimination when it admitted evidence about his post-arrest, pre-*Miranda* silence. Because we agree that the district court committed prejudicial error, we reverse his conviction.[1]

■ Special Agent Brown's testimony that Williams was relaxed, that he did not appear upset or surprised, that he did not raise his eyebrows, and that his face did not turn red when he was informed that an illegal substance was found in his vehicle constituted comments on his silence in violation of his Fifth Amendment right. There is no principled way to distinguish this case from *United States v. Velarde–Gomez*, 269 F.3d 1023 (9th Cir.2001) (en banc), in which we held that testimony about a defendant's failure to appear surprised or upset in the face of police confrontation constituted unconstitutional comments on the defendant's silence.

■ The government contends that, even if the district court did err by admitting evidence of Williams's post-arrest, pre-*Miranda* silence, Williams's conviction should still be affirmed because any error was harmless beyond a reasonable doubt. We disagree. The government elicited numerous comments from Special Agent Brown about Williams's silence, both during its case-in-chief and during its rebuttal case. The government then emphasized these comments in closing and rebuttal arguments, asserting that Williams's silence proved that he had knowledge that drugs were in the vehicle. This was particularly important because Williams's knowledge was the only element of the offense that was at issue in the case. When similar evidence was presented by the government to prove knowledge in *Velarde–Gomez*, we held that the comments on the defendant's silence were prejudicial. *Velarde–Gomez,* 269 F.3d at 1034–36. Here, as in *Velarde–Gomez,* we hold that the admission of evidence about Williams's post-arrest, pre-*Miranda* silence was a violation of his Fifth Amendment right and requires reversal.

### REVERSED.

---

* The Honorable Frank C. Damrell, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Williams also alleges that the district court erred when it admitted expert testimony about the structure of large drug trafficking organizations, permitted the state to use materially false rebuttal testimony in violation of his right to a fair trial, and allowed the state to impeach Williams with a 1991 cocaine conspiracy conviction. Because we hold the error with respect to the admission of testimony about Williams's post-arrest, pre-*Miranda* silence reversible, it is unnecessary to address the other claims.